RECEIVED
EVERGLADES C.I.

JUN 2 8 2022

STAFF INITIALS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Aruan Aleman Hernandez,
Plaintiff,

vs.

Dave Aronberg in
its official position as
State Attorney, W.P.B.H.,
Defendant.

USDC No.: _____

FILED BY ___cas___ D.C.

JUL 01 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

―――――――――――――――――――――――――――――――
Novelke matter in american Jurisprudence
―――――――――――――――――――――――――――――――

§1331'S MOTION BY A VICTIM
DEPRIVED OF THE EQUAL PROTECTION
OF THE LAW AND DUE PROCESS OF
THE LAW AND A DENIAL TO ACCESS
THE COURT TO START A CAUSE OF AC-
TION UNDER HIS FUNDAMENTAL RIGHTS

BODY OF THE MOTION
90 SHEETS

Aruan A. Hernandez.
Pro-Se

# TABLE OF CONTENT

Page(s)

TABLE OF CONTENT _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ i

TABLE OF AUTHORITY _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ iii
      GRAPHICS _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ xii

JURISDICTION _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 1

STATEMENT OF FACTS _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 1

SUMMARY OF THE ARGUMENT _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 3

STANDARD OF REVIEW _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 4

     1331's FEDERAL QUESTION JURISDICTION _ _ _ _ _ _ _ 4

     CONGRESSIONAL INTENT AND §1331 _ _ _ _ _ _ _ 8

     EQUAL PROTECTION CLAUSE _ _ _ _ _ _ _ _ _ _ _ 13

     GRAPHIC OF EQUAL PROTECTION AND DUE PROCESS OF LAW 15

FIRST ELEMENT UNDER SMITH TEST INTRODUCTION _ _ _ _ _ _ 20

     SUBSTANTIAL FEDERAL RIGHT _ _ _ _ _ _ _ _ _ _ 21

     GRAPHIC UNITED STATES CONST. 14TH AMENDMENT _ _ _ _ 24

SECOND ELEMENT UNDER SMITH TEST INTRODUCTION _ _ _ _ _ 28

     COMPONENT (A) _ _ _ _ _ _ _ _ _ _ _ _ _ _ 29

     SECOND ELEMENT OF SMITH TEST _ _ _ _ _ _ _ _ _ 29

     PERJURY CRIME AS A CAUSE OF ACTION _ _ _ _ _ _ 29

     Fla. Stat. §837.011 DEFINITION _ _ _ _ _ _ _ _ _ 29

     PERJURY AS AN INDEPENDENT CAUSE OF ACTION _ _ _ _ 30

     STATE CAUSE OF ACTION PERJURY AS A CRIME _ _ _ _ 30

     Fla. Stat. §837.021 _ _ _ _ _ _ _ _ _ _ _ _ _ 30

# TABLE OF CONTENT
### (continued)

Page(s)

Fla. STAT. § 837.02 ------------------------------ 31

ELEMENTS TO PROVE THE CRIME OF PERJURY ---------- 31

IN THE STATE OF FLORIDA ------------------------- 31

FLORIDA JURY INTRODUCTION IN PERJURY CASES ------- 32

COMPONENT (B) ----------------------------------- 33

FLORIDA CONSTITUTION: ArT. I Section 16 (b) ------ 33
                      ArT. I Section 2 --------- 35
                      ArT. I Section 21 -------- 35


COMPONENT (c) ----------------------------------- 36

Fla. Stats. Title XLVII CRIMINAL PROCEDURE ------ 36

AND CORRECTION CHAPTER 960 VICTIM Assistance --- 36


THIRD ELEMENT UNDER SMITH TEST INTRODUCTION ----- 39

THIRD ELEMENT OF SMITH TEST --------------------- 40

2019'S CRIMINAL COMPLAINT AGAINST MS. MT,
AND MS. SZ UPON OFFENSES TO Fla. Stats. §§§
837.011, 837.021, 837.02 ----------------------- 40

STATE STATUTORY CAUSE OF ACTION ----------------- 40

ANALYSIS OF SECTION 2 (a) ----------------------- 40

ANALYSIS OF SECTION 2 (b) ----------------------- 52

ANALYSIS OF SECTION 3 --------------------------- 58

GRAPHIP 2019'S CRIMINAL COMPLAINT --------------- 69

REMEDY UNDER SMITH TEST ------------------------- 70

ii

TABLE OF AUTHORITIES
(continued)

PAGE(S)

Duke Power Co. v. Carolina Env'l Study Group, Inc.,
438 U.S. 59, 71-72 (1978)------------------------------ 5

Ex Parte Virginia, 100 U.S. 339, 346-47 (1880)------------ 19

Gable & Son Metal Prods., Inc., v. Darve Eng'g & Mfg.,
545 U.S. 308, 313 (2005)------------------------------ 7,8

Golden State Transit Corp. v. Los Angeles,
493 U.S. 103, 106 (1989)------------------------------ 20

Guardians Ass'n v. Civil Serv. Comm'n,
463 U.S. 582, 595 (1983)------------------------------ 70

In re Grand Jury Proceeding,
644 F. 2d 348, 355 (5Th Cir. 1981)-------------------- 42

Kolaski v. United States,
362 F. 2d 847, 848 (5th Cir 1966)-------------------- 42,52

Lividas v. Bradshaw,
512 U.S. 107, 132-33 (1994)------------------------ 28

Mirrel Dow Pharmaceuticals, Inc., v. Thompson,
478 U.S. 804 (1986)-------------------------------- 6

iv

TABLE OF AUTHORITIES
(Continued)

Page (S)

Nat'l R. R. Passenger Corp. v. Nat'l R.R. Passengers,
414 U.S. 453 457 (1974)------------------------------ 7

Nguyen v. United States,
556 F. 3d 1244 1259 n. 7 (11th Cir. 2009)----------- 40

Nordlinger v. Hahn,
112 S. CT 2326 2331 (1992)------------------------- 26

Plyler v. Doe,
457 U.S. 202, 220 (1982)-------------------------- 14

Ross v. Moffitt 417 U.S. 600, 608-609 (1974)------ 72,73

Skinner v. Oklahoma,
316 U.S. 5 35, 541 (1942)------------------------- 13

Smith v. Kansas City Title & Trust Co.
255 U.S. 180 (1921)------------------------ 3,4,11,20,28

Steel Co. v. Citizens For a Better Env't,
523 U.S. 83, 89 (1998)------------------------- 5

Suter v. Artist M.,
503 U.S. 347, 363 (1992)------------------------ 28

United States v. Carolene Prods. Co.,
304 U.S. 144, 152 n. 4 (1938)------------------- 13

V

TABLE OF AUTHORITIES
(Continued)

Page(s)

United States v. De Coito,
764 F. 2d 690, 683 (9th Cir. 1985) _ _ _ _ _ _ _ _ _ _ _ _ _ _ 42

United States v. De la Torre,
634 F. 2d 792, 794 (5th Cir. 1981) _ _ _ _ _ _ _ _ _ _ _ _ _ 52

United States v. Dowlin,
538 F. 2d 466, 471 (2d Cir)
Cert. denied, 429 U.S. 845 (1976) _ _ _ _ _ _ _ _ _ _ _ _ 52

United States v. lighte,
782 F. 2d 367, 372 (2d Cir. 1986) _ _ _ _ _ _ _ _ _ _ _ _ 49

United States v. Masters, 484 F. 2d 1251, 1253
(10th Cir 1973) _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 52

United States v. McComb,
744 F. 2d 555, 565 n.11 (7th Cir, 1984) _ _ _ _ _ _ _ _ 42, 52

United States v. Virginia
518 U.S. 515 (1996) _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 26

Wilder v. Va. Hosp., Ass'n,
496 U.S. 498 509-10 (1990) _ _ _ _ _ _ _ _ _ _ _ _ _ 28

Yick Wo v. Hopkins,
100 U.S. 339, 346-47 (1886) _ _ _ _ _ _ _ _ _ _ _ _ _ 19

vi

TABLE OF AUTHORITIES
(Continued)

Page(s)

FEDERAL STATUTE

28 U.S.C. § 1331 _ _ _ _ _ _ _ _ _ _ _ _ 1,3,4,5,7,8,9,10,12,24,25

CONSTITUTIONAL PROVISION
FEDERAL LAW

United States Constitution Amendment 1 _ _ _ _ _ _ _ _ _ _ 27

United States Constitution Amendment 14th §1
Equal PROTECTION CLAUSE & DUE PROCESS OF LAW _ _ _ _ _ _ Passim

STATE LAW

Fla. Constitution Art. I Section 16 (b) _ _ _ _ _ _ _ _ _ Passim

Fla. Constitution Art. I Section 2 _ _ _ _ _ _ _ _ _ _ _ Passim

Fla. Constitution Art. 1 Section 21 _ _ _ _ _ _ _ _ _ _ _ Passim

STATE STATUTES

Fla. Stat. § 837. 011 _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ Passim

vii

# TABLE OF AUTHORITIES
## (Continued)

Page(s)

1. Brown v. State,
   334 So. 2d 597, 1976 Fla. LEXIS 4247 (Fla. 1976)_____ **65**

2. Gordon v. State,
   104 So. 2d 524 (Fla. 1958)_____ 31,40,41,42,52,64

3. Field v. State, 94 Fla. 490; 114 So. 317 (Fla. 1927)_____ 56

4. Hirsch v. State,
   279 So. 2d 866 (Fla. 1973)_____ 31,41,42,64

5. Kline v. State, 444 So. 2d 1102 (Fla. 1ST DCA)_____ 64

6. Nessmith v. State,
   472 So. 2d 1248, 1985
   Fla. APP. LEXIS 15663 (Fla. 1ST DCA 1985)_____ 65

7. Rader v. State,
   52 So. 2d 105 (Fla. 1951)_____ 31,64

8. Wells v. State 270 So. 2d 399 (3rd DCA, 1972)_____ 64

9. Wolke v. State,
   271 So. 2d 132 (Fla. 1972)_____ 31,41,64

10. State v. Barboto, 571 So. 2d 484 (Fla. 2d DCA 1990)_____ 56

11. State v. Ellis,
    722 So. 2d 824, 1997 Fla. APP. LEXIS 5612
    (Fla. 1ST DCA 1997), rev'd 723 So. 2d 187, 1998
    Fla. LEXIS 1914 (Fla. 1998)_____ 51,68

12. Shelton v. State, 157 Fla. 482, 26 So. 2d 444 (1946)_____ 64

13. State v. Marlow, 501 So. 2d 136 (Fla. 2d DCA 1987)_____ 56

14. Soller v. State, 666 So. 2d 992 (Fla. 5TH DCA 1996)_____ 56

# TABLE OF AUTHORITIES
## (continued)

Page(s)

Fla. Stat. § 837.02 _____ Passim

Fla. Stat. § 837.021 _____ Passim

Fla. Stat. Chapter 960. Victim Assistance _____ 12.15.18.28.36,37,38

Fla. Stat. § 960.291 _____ 36,37,38

Fla. Stat. § 960.001 _____ 36,37,38

Fla. Stat. § 960.0021 _____ 38

## STATE RULE OF COURT

Fla. R. App. P. 9.143

## OTHER AUTHORITIES

Ernest A. Young. Constitutional avoidance, Resistance norm, and the preservation of Judicial Review, 78 TEX. L. REV. 1549, 1611 (2000) _____ 10

Federal Farmer XV (Jan. 18 1788). reprinted in THE COMP. LETE ANTIFEDERALIST 315 (Herbert J. Storing ed., 1981) _____ 9

ix

TABLE OF AUTHORITIES
(Continued)

PAGE(S)

John F. Manning, *Textualism as a nondelegation doctrine*, 97 COLUM. L. REV. 673, 712 n.163 (1997)........10

Wesley Newcomb Hohfeld, *Fundamental legal conceptions as applied in Judicial reasoning*, 26 YALE L. J 710-10 (1917)........20

OTHERS

Abbe Smith, *Can you be a good Person and a good Prosecutor?*, GEO. J. LEGAL ETHICS 355, 397 (2001)........16

Alafair S. Burke, *Improving Prosecutorial decision making: Some Lessons of Cognitive science*, 47 WM. & MARY L. REV. 1587, 1603-13 (2006)........18

Beth Nolan, *Removing Conflicts from the administration of Justice: Conflicts of interest and independent counsels under the Ethics in Government Act*, 79 GEO. L. J. 1, 5 (1990)........17

Bruce A. Green & Fred C. Zacharias, *Prosecutorial neutrality*, 2004 WIS. L. REV. 837, 840-60........16

James Vorenger, *Decent Restrain of Prosecutorial Power*, 94 HARV. L. REV. 1521, 1523 (1981)........16

X

TABLE OF AUTHORITIES
(continued)

PAGE(S)

Laurie J. Levenson, Conflict over Conflicts: Challenges in re-drafting the ABA standards for criminal Justice conflict of interest, 38 Hastings Const. L. Q. 879, 881 (2011)-----------17

Margaret H. Lemos & Max Minzner, For-Profit Public En-forcement, 127 HARV. L. REV. 853, 856-57 (2014)_____17

Robert J. Smith & Justin D. Levinson, The impact of impli-cit Racial bias of the exercise of Prosecutorial Discretion, 35 SEATTLE U. L. REV. 795, 797 (2012)_____18

STEPHANOS BIBAS, THE MACHINERY OF CRIMINAL JUSTICE 50 (2012)_____ 16

Susan W. Brenner & James Geoffrey Durham, Toward reso-lving Prosecutor Conflict of interest, 6 GEO. J. LEGAL ETHICS 415, 417 (1993) ------------------------------17

Wayne R. LaFave, The Prosecutor's discretion in the United States, 18 AM. J. COMP. L. 532, 532-33 (1970)_____ 16

xi

# GRAPHICS

Page(s)

Graphic of Smith Standard ----------------------------- 12

Graphic of Equal Protection and Due Process of law -------- 15

Graphic Unbalance Scale in one direction ----------------- 18

Graphic U.S. Const. 14th Amendt, present scenario ----------- 24

Graphic Discordantly elements in separates composition -------- 28

Graphic Time window v. False assertions ----------------- 47

Graphic Showing falseness through S.T.'s Assertions --------- 50

Graphic Falsehood Through assertions Fabrication of acts denied in previous Statements ------------------ 61

Graphic Falsehood in contradicted assertions and clear intent to deceive --------------------------- 62

Graphic Time window, fabrication of episode v. Statement showing falsehood and intentionality through assertions ----------------------------- 67

Graphic 2019 criminal complaint, content, materiality and harm to the affected Plaintiff ------------------- 69

# JURISDICTION

This Court has jurisdiction under 28 U.S.C §1331.

# STATEMENT OF FACTS

1. On august 9, 2019, mr. Hernandez delivered a criminal (accusation) complaint to the State Attorney office in the Palm Beach County location against two individuals named, M.T, and S.T,

2. The criminal complaint was pertinently related to a multiple offenses to Fla. Stats. § 837.021, § 837.02 § 837.011, in which mr. Hernandez was seriously harmed.

3. After thirty days of silence from the State Attorney office, mr. Hernandez decided resend the complaint to the same State Attorney office.

4. Two months later mr. Hernandez sended a copy of the document (criminal complaint) to the office

*1*

Of the Attorney General of the State of Florida looking for an answers and a cause of action according the appliable law. (Fla. Const. Art I §16 (b)).

5. Each time that ms. Hernandez sended the criminal complaint, a copies of said documents was sended alternatively to the Fifteenth Circuit Court of Palm Beach County and other authorities. See pag 51 of the Criminal complaint.

6. The Aforementioned complaint contains Fifty one (51) pages of intrinsic context of an unrelate official proceeding in which the criminal perjory acts was produced.

7. The criminal complaint contains Twenty one (21) Sections, Seven are related directly to S.T, False assertions made in said unrelated Proceeding and Fourteen Sections pertinent to M.T, False assertions in the same unrelated Proceedings.*

8. From the initial point that the ongoing criminal acts produced by these two individuals starting cause a legal issue it can be noted from the initial statements made by them from march, 2017 as perceived in certain sections and its intrinsic citations.

---

*See Exhibit "Criminal complaint against S.T and M.T."

2

9. As a direct victim, mr. Hernandez claimed an action, a "criminal action" against those committed moltiple offenses To Fla. Stats. § 837.021; § 837.02; § 837.011

10. Almost three years has been passed without resolution, mr. Hernandez seeking vindicate his substantials rights goaranteed by the Florida State Constitution Art I Section 16 (b); Section 2; Section 21, as well, his substantial rights afforded by United States Constitution Amendment Fourteenth Section 1 and amendment 1 " On the right of the people Peaceably To assemble, and To Petition the Government For a redress of grievances." id. Amendt 1.

11. Without aparently remedy in the State of Florida This Petition Follow.

## SUMMARY OF THE ARGUMENT

This 1331's Pleading is a three component claim seeking remedy under Smith Test to vindicate mr. Hernandez's rights under the Fourteenth Amendt of U.S. Const. Section 1. In which Plaintiff has been denied the Equal Protection of the law and the Procedural Due-Access to access The State Court and initite the Prosecution for the offenses committed by two individuals against mr. Hernandez.

---

1. See Smith v. kansas City Title & Trust Co. 255 U.S. 180 (1921)

3

TITLE 28 U.S.C. § 1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States."

## STANDARD OF REVIEW

1331's Federal Question Jurisdiction will lie over STATE-law cause of Action that necessarily require construction of an embedded federal question. As Smith v. Kansas City Title & Trust Co. 255 U.S. 180 (1921). Is the Court's classic statement of this position, this line of cases is often referred to as the Smith Test, In Smith a stockholder-Plaintiff brought a breach of fiduciary duty cause of action under State law. The Court held that Federal question jurisdiction arose under §1331 because an element of the Plaintiff's State-law claim required adjudication of the constitutionality of a Federal act. id. at 199-202.

§1331 jurisdiction is not limited to cases where plaintiff alleges a congressionally created cause of action. A Plaintiff's case may arise under federal law even though the Plaintiff explicitly relies upon state law to supply the cause of action. These cases fall into two categories. In the first category — Smith-Style cases — Federal question jurisdiction arises over suits alleging state-law cause of action containing embedded federal issues. In such cases, the primary jurisdictional factor remains the status of a Plaintiff's asserted right not the origin of the cause of action as the Holmes Test directs. But in this cases, if the Plaintiff fails to allege a congressionally created cause of action, the Court requires that the congressionally created right the Plaintiff asserts be substantial.

The Court further limits federal question jurisdiction to those cases raising substantial rights. See e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)(noting that jurisdiction lies unless it is "wholly insubstantial and frivolous").

In some instances, the Court appears to use these terms — substantial and colorable — as synonyms. See e.g., Duke Power Co. v. Carolina Env'l Study Group, Inc., 438 U.S. 59, 71-72 (1978) ("It is enough for present purposes that the claimed cause of action to vindicate appellee's constitutional rights is sufficiently substantial and colorable to sustain jurisdiction under §1331(a).").

A right is colorable if it is not merely procedural and There is at least one interpretation of the Federal law alleged, which is not absolutely barred, That would allow a plaintiff To prevail —— even if the Courts refuse To adopt This interpretation. See Bell v. Hood, 327 U.S. 678, 683 (1943), id at 685 ("[T]he right of the Petitioners To recover under their complaint will be Sustained if The Constitution and law of the United States are given one Construction and will be defeated if They are given another."). To be substantial The right at issue must be central To The litigation. That is, The Federal right at issue must be The dispositive issue in the Case. See graphics in page 15 and 24.

Determination whether There is Federal question jurisdiction is made on The basis of the Plaintiff's Pleadings and not upon The response or The Facts as They may develop. See generally Merrel Dow Pharmaceuticals, Inc., v. Thompson 478 U.S. 804 (1986).

Thus, in order To have a Federal claim in This contemporary Sense, a Plaintiff must (1) assert a Federal right; (2) be a member of The class of Persons entitled To enforce The right (i.e., assert a cause of action); and (3) Possess The other attributes of a claim, which means an assertion of a Transaction or occurrence sufficient, if True, To Justify a remedy.

A "cause of Action", by contrast, is a determination of whether The Plaintiff Falls into class of litigants empowered To enforce a right in Court. See David v. Passman, 442 U.S. 228, 239

6

(1979). Or as the Passman Court alternatively put the concept, "a cause of action is a question of whether a particular Plaintiff is a member of the class of litigants that may, as a matter of law, appropriately invoke the power of the court" id. at 239 n. 18.

The concept of a cause of action, then, is necessarily related to the concept of a right insofar as Plaintiff must have rights before he can be a person empowered to enforce them. But the concept of cause of action is not to be confused with the notion of a right itself under this contemporary view. Indeed, one may have right, yet lack the power to enforce the right. For example an individual's rights under certain statutory scheme may only vindicated by an administrative agency. See, e.g., Nat'l R.R. Passenger Corp. v. Nat'l R.R. Passengers, 414 U.S. 453, 457 (1974)(holding that the power to vindicate rights rest with the Attorney General).

Indeed, the Court held that having such substantial and serious assertion of a federal right is necessary to establish §1331 jurisdiction when a state—law cause of action is asserted.[2] The Court stressed that to be substantial the federal right at issue must be central and predominant question in the case, which it was in Grable & Sons. See Grable & Sons Metal Prods., Inc., v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005). This need not be the case under

_____

2. Here, Plaintiff satisfies Passman requirement under Fla. Const. Art I Section 16 (6), See page 33.

7

The colorable right standard. Further, the Court emphasized that the legal content of the statutory right invoked must be actually contested by the parties, which was the case in Grable & Sons. Under the colorable right standard, however, neither party need context the legal content of the right; they need only litigate factual issues related to the vindication of the federal right. See. e.g., Mishkin, supra note 5, at 169-74. Thus, under Grable & Sons, when a plaintiff asserts a State—law cause of action to enforce a Congressionally created right, the Court will take §1331 jurisdiction only if the plaintiff alleged a substantial and contested congressionally created right and taking jurisdiction in that particular case comport with Congressional intent. 545 U.S. at 308 ("Such federal jurisdiction demands not only a contested federal issue, but a substantial one. And the jurisdiction must be consistent with congressional judgement..."). See graphics in page 15 and 24; see page 27.

Under this standard, §1331 jurisdiction lies when a plaintiff makes a substantial assertion of a federal statutory or constitutional right coupled with a State—law cause of action, as long as the vesting of jurisdiction in any particular instance comport with Congressional intent. See page(s) 20-74.

## CONGRESSIONAL INTENT AND §1331

The characterization of the §1331 Canon presented above not only yields a series of clarity—enhancing jurisdio-

8

tional standard, but also presents a principle unifying the components of this unified balancing principle asserts that § 1331 jurisdiction is best understood as a function of the viability of the federal right that the Plaintiff asserts balanced against other indicia of congressional intent that the Plaintiff particular claim should be heard in the federal courts.

Here, the Court faces cases where State law supplies a cause of action in which a federal right is embedded. The Plaintiff in such cases is not alleging a congressional cause of action; thus, there are fewer indicia of congressional intent to vest § 1331. Indeed, the Plaintiffs in such cases as the present one essentially concede that there is not a congressional judgment that they are "appropriate part[ies] to invoke the power of the [federal] court" in the matter at hand. David v. Passman, 442 U.S. 228, 239 (1979). Rather, the existence of a federal right constitutes the sole marker of legislative approval to take § 1331 jurisdiction. See, e.g., Federal Farmer XV (Jan. 18 1788), reprinted in THE COMPLETE ANTIFEDERALIST 315 (Herbert J. Storing ed., 1981) ("It is true, the laws are made by the legislature; but the judges and juries, in their interpretations and in directing the execution of them, have a very extensive influence for preserving or destroying liberty, and for changing

The nature of the government."); John F. Manning, Textualism as a nondelegation Doctrine, 97 COLUM. L. REV. 673, 712 n. 163 (1997) ("[A]ny effort To pare back Federal jurisdiction would deny Congress an important and historically effective forum For the implementation of its law."); Ernest A. Young, Constitutional avoidance, Resistance norms, and the Preservation of Judicial Review, 78 TEX. L. REV. 1549, 1611 (2000) ("Congress generally Cannot ensure enforcement of its legislative mandates without providing a Federal judicial forum when violators of those mandates can be prosecuted."). As a result, Plaintiff in This cases must alleged a substancial right in order to invoke indicia of Congressional intent sufficient To vest § 1331.

This is The case, with its myopic Focus, is narrowed essentially To the equal Protection Clause & the Due-Process of law of the 14ᵗʰ Amendt of the U.S. Const., as a primary Federal ingredients Projected under a Kaleidoscopic point To open The §1331 'doors in Presence of a State—

Law Cause of Action that remains Frozen as a result of a "Conflict" generated at this time in the State attorney office [the central issue and impediment] that bring this question — claim upon this Forum in the absence of a State Solution which if seeking remedy in order to establish an alternative to supply the Plaintiff and/or any Person in similar situated Position with a proper legal avenue in such instances in which actually is not yet established any one.

As previously said under Smith standard is there three elements to met:

1. Assert a Federal right.

2. Be a member of the Class of Persons entitled to enforce the right (i.e., assert a Cause of action).

3. Possess the other attributes of a claim, which means an assertion of a Transaction or occurrence Sufficient, if True, to Justify a remedy.

These three elements is well illustrates in the Following Graphic:

§1331

GRAPHIC OF SMITH STANDARD
AND ITS THREE CURRENT ELEMENTS
OF SUBJECT MATTER JURISDICTION

FIRST ELEMENT

14th AMENDMENT OF THE U.S. Const.
EQUAL PROTECTION CLAUSE
DUE PROCESS OF LAW
FEDERAL SUBSTANTIAL
RIGHTS

↓

SECOND ELEMENT

STATE CAUSE OF ACTIONS, FL. STATS.
§837.021; §837.02; 837.011
+
FL. Const. Article I §16.(b)
+
FL. Rule App. P. 9.143

↓

THIRD ELEMENT

PERJURED ACTS IN STATE
COURT PROCEEDING, CASE No.:
↓
STATE ATTORNEY CONFLICT
OF INTERESTS TO
REPRESENT THE
PERJURY CRIME VICTIM

=

REMEDY ?

VICTIM DEMAND PROSECUTION UNDER
EQUAL PROTECTION OF LAW & DUE PROCESS OF LAWS

12

## EQUAL PROTECTION CLAUSE STANDARD

Over time, the Court has clarified the standard of review to be applied in most cases under the equal protection clause and related constitutional doctrines, so the lower courts today are supplied with reasonably clear and predictable guidance on what standard of review to apply in most cases.

Factors to take in consideration for the proper application of the standard of review case by case are (1) whether a fundamental right is involved, See Skinner v. Oklahoma, 316 U.S. 535, 541 (1942) ("marriage and procreation are fundamental to the very existence and survival of the race... We advert to [These matters] merely in emphasis of our view that strict scrutiny of the classification which a State makes in a sterilization law is essential..."), United States v. Carolene Prods. Co., 304 U.S. 144, 152 n. 4 (1938) ("There may be narrower scope for operation of the presumption of constitutionality when legislation appears on its face to be within a specific prohibition of the Constitution, such as those of the First Ten amendments...") (2) Whether a deficiency exists in the Political Processes which can ordinarily by expected to bring about repeal of undesirable legislation." id., including case where the legislature may by operating in a self-interested capacity; (3) Whether the statute is "directed at Particular religious, or national, or racial minorities", or reflects "Prejudice against discre-

Te and insular minorities. (4) whether The classification burdens and individual for something, not the Product of that individual choice, see Plyler v. Doe, 457 U.S. 202, 220 (1982)("[I]mposing disabilities on the ... child is contrary to the basic concept of our system that legal burden should bear some relationship to individual responsibility or wrongdoing." (citing Weber v. Aetna Cas & Sur. Co., 406 U.S. 164, 175 (1972)).

Under another screen Though no projected as an additional cause of action and just to reflect the importance of the Equal Right afforged to all persons through the fifty States of the Union is perceives the provisions of Title 42 USC § 1981 as follows:

## 42 U.S.C. § 1981 Equal Rights under the Law

(a) Statement of Equal Rights. All person within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to full and Equal benefit of all law and proceedings for the Security of Persons and Property as is enjoyed by white citizen, and shall be subject to like punishment, Pain, Penalty, Taxes, licenses, and exactions of every kind and no other.

(c) Protection against impairment. The right protected by this section are protected against impairment by government discrimination and impairment under color of State law.

14

U.S. CONST. 14TH AMENDT
↓
EQUAL PROTECTION CLAUSE
AND DUE PROCESS OF
LAW
↓
STATE OF FLORIDA
↓
CONGRESS OF THE STATE
LEGISLATION)
↓
EQUAL PROTECTION OF THE
LAW
SUBSTANTIVE RIGHT
GUARANTEED TO ALL PERSONS

PRESUMPTIVE
CRIME (?)
(WEAK)

INTRINSIC
CRIME (!)
GRASPED IN
UNRELATED
JUDICIAL PROCESS
(STRONG)
Fl. 837.011

**Left branch:**

Fl. § 794.011
SEXUAL BATTERY.
CRIME FELONY
↓
CAUSE OF ACTION
ACTIVE
↓
PROBABLE CAUSE BY Allegation
ALONE ACCORDING Fl § 794.022
↓
NOT CORROBORATE EVIDENCE TO
SUPPORT ALLEGATIONS
↓
DOUBLE HEARSAY BY OTHER
WITNESSES
↓
STATE OF FLORIDA COMPLIED
WITH ITS DUTY ACCORDING Fl.
Chapter 960 §§§§§ 960.
↓
STATE OF FLORIDA AFFORDED
VICTIM'S RIGHTS ACCORDING FL.
Const. Art. 1 Section 16(b).
S.T. The Alleged Victim.

**Right branch:**

CRIME FELONY
Fl. § 837.021
& § 837.02
↓
CAUSE OF ACTION
INACTIVE
↓
PROBABLE CAUSE BY INTRINSIC
EVIDENCE PERTINENT TO UNRE-
LATED PROCEEDINGS IN WHICH
THE PERJURED OFFENSES WAS
EXECUTED, CRIMINAL COMPLAINT.
BY THE VICTIM (THE HARMED
PERSON)
↓
CORROBORATED INTRINSIC
EVIDENCE FROM UNRELATED
JUDICIAL PROCESS
↓
STATE OF FLORIDA DO NOT
COMPLY WITH ITS DUTY ACCOR-
DING FLS Chapter 960
↓
STATE OF FLORIDA DO NOT
AFFORD VICTIM'S RIGHTS
ACCORDING Fl. CONST. Art. 1
Section 16. (6)
A.A.H., The Victim.

15

# NOVEL CLAIM

## PROSECUTION'S CONFLICT OF INTEREST

### CONFLICT IMPEDE THE STATE ATTORNEY REPRESENT PLAINTIFF, Ms. Hernandez

Broadly construed, Prosecutor's conflicts can arise not only out of personal belief and professional relationships and financial interest, but out of any personal belief, ambition, or institutional interest that undermines the prosecutor's ability to pursue Justice in a disinterested way.

Prosecutors may discretionary decisions with significant consequences for criminal defendants and for criminal justice in general. See (discretion in the United States) Wayne R. Lafave, The Prosecutor's discretion in the United States, 18 AM. J. COMP. L. 532, 532-33 (1970); James Vorenger, Decent Restrain of Prosecutorial Power, 94 HARV. L. REV. 1521, 1523 (1981).

The Law Presupposes that Prosecutors make these decisions disinterestedly, unaffected by their own self-interest or the interest of others. See Bruce A. Green & Fred C. Zacharias, Prosecutorial neutrality, 2004 WIS. L. REV. 837, 840-60. Public confidence in the Fairness of the Criminal Justice S-ystem demand This. See STEPHANOS BIBAS, THE MACHINERY OF CRIMINAL JUSTICE 50 (2012); See also Abbe Smith, Can You be a good Person and a good Prosecutor?, GEO. J. LE-GAL ETHICS 355, 397 (2001) (arguing that Prosecution's deci-

sion have the greatest effect on the legitimacy of the system.).

Although, Prosecutor's Conflicts are central to the Project of Criminal Justice, Scholars have largely ignored them or addressed them in isolation. There are few exceptions. See eg., Susan W. Brenner & James Geoffrey Durham, Toward Resolving Prosecutor Conflict of Interest, 6 GEO. J. LEGAL ETHICS. 415, 417 (1993); Laurie L. Levenson, Conflict over Conflicts: Challenges in redrafting the ABA Standards for Criminal Justice conflict of interest, 38 Hasting Const. L. Q. 879, 881 (2011) (Presenting the Forty "Toughest Questions" for Prosecutorial Ethicists); Beth Nolan, Removing Conflicts from the administration of Justice: Conflicts of interest and independent counsels under the Ethics in government Act, 79 GEO. L. J. 1, 5 (1990). See Margaret H. Lemos & Max Minzner, For—Profit Public Enforcement, 127 HARV. L. REV. 853, 856-57 (2014).

Discussion of how Prosecutor's implicit biases might distort prosecutor's exercise of discretion fail to identify this as a Conflict of interest problem. An examination of Conflict of interest recast implicit Bias as a Chronic Problem. Viewing prosecutorial decision—making in this light helps in crafting a solution that addresses the entire set of problems in a

Systematic way that as here, "To occassionated conflicts upon established law, Principles, concepts and Constitutional commitments." See eg., Alafair S. Burke, improving Prosecutorial decision making: Some lessons of cognitive Science, 47 WM, & MARY L. REV. 1587, 1603-13 (2006); Robert J. Smith & Justin D. Levinson, The impact of implicit Racial bias of the exercise of Prosecutorial Discretion, 35 SEATTLE U. L. REV. 795, 797 (2012).

SCALE OF JUSTICE

| FLORIDA STATE CAUSE OF ACTION | FLORIDA STATE CAUSE OF ACTIONS |
|---|---|
| No.: 50-2017-CF-003157 Axxx MB | UNDER Fla. Stat. 837.01; 837.021 837.02. |
| - ALLEGATIONS ALONE USE AS EVIDENCE TO START A CAUSE OF ACTION. | - INTRINSIC Evidence To support the crime. |
| - THE ALLEGED victim received Assistance ACCORDING Fl. STATS. Chapt. 960. | - victim Seriously harmed. |
| - THE ALLEGED victim WAS FULFILL with the Fla. Const. Art.I §16 (b). | - victim deprived of equal Protection of the law, Due-Process To Prosecute The Perjory crime. |
| | - victim deprived of all his sights vested in Fl. Const Art I §16(b) |
| | - Conflict in the State Attorney impede The Proper assistance under Fl. Stats. 960. |
| | - victim deprived of Fl. Const. Art.I. §21 |

STATE VICTIM's ASSISTANCE
Fla. STATS. chapter 960
STATE Attorney OFFICE

18

The Continuum of State action ranges from obvious legislated denial of Equal Protection to private action that is no longer so significantly related to State action that the amendt applies. The Prohibitions of the amendment "have reference to actions of the Political body denominated by a State, by whatever instruments or in whatever modes that action made by taken. A State acts by its legislative, its executive, or its judicial authorities. It can act in no other way. The Constitutional provision, therefore, must mean that no agency of the state, or of the officers or agents by whom its powers are exerted, shall deny to any Person within its jurisdiction the Equal Protection of the law. Whoever, by virtue of Public position under a state government, deprives another of Property, life or liberty, without Due-Process of law, or denies or takes away the Equal Protection of the law, violated the constitutional inhibitions; and as he acts in the name and for the State, and is clothed with the State's Power, his act is that of the State. See Ex Parte Virginia, 100 U.S. 339, 346-47 (1880).

"The provision of the Equal Protection clause are Universal in their application, to all Persons within the Territorial Jurisdiction, without regard to any differences of races, color, or of nationality..." Yick Wo v. Hopkins, 118 U.S. 356, 369 (1886).

U.S. 356 369 (1886). For modern examples, see Levy v. Louisiana, 391 U.S. 68, 70 (1968); Graham v. Richardson, 403 U.S. 365, 371 (1971).


## FIRST ELEMENT UNDER
## SMITH TEST
### INTRODUCTION


A "right," under the contemporary analysis, is an obligation owed by the defendant to which the Plaintiff is an intended beneficiary. This notion of obligation can be thought of in a Hohfeldian sense in that the obligation imposes a correlative duty upon the defendant to either refrain from interfering with, or to assist, the Plaintiff. See Wesley Newcomb Hohfeld, Fundamental legal conceptions as applied in Judicial Reasoning, 26 YALE L.J. 710-70 (1917). In the Court's view, however, an obligation standing alone is not sufficient for the recognition of a right. To qualify as a right, an obligation must be mandatory, not merely hortatory. Further, for obligations to constitute rights, the language at issue must not be "too vague and amorphous" or "beyond the competence of the Judiciary to enforce. This Three-Part Test (viz., identifying mandatory obligation, clear statement, and enforceability) remains the standard by which the Court determines when a right exists. See Golden State Transit Corp. v. Los Angeles, 493 U.S. 103. 106 (1989).

## FIRST ELEMENT UNDER SMITH TEST
### Substantial Federal rights

I. United States Constitution, Fourteenth Amendment.
Section 1. Equal Protection Clause.

The Equal Protection Clause of the Fourteenth Amendt
guarantees "ALL PERSONS" in the United States, [including
Prisoners], "The Equal protection of the law". This means
that the State may not treat mr. Hernandez differently or
discriminate against him because he is belong to a particul-
ar group or class of People. See page 27 of this Motion.

(a) Plaintiff's claim is exposing the existence of a con-
flict of interests in the State Attorney Office that impedes the
defendants at bar to initiate "Prosecution as JUSTICE requi-
res,"[3] in other words the State's Attorneys through its Posi-
tion have been treated mr. Hernandez completely different
than any other Perjury's crime victims seeking Justice as
in nature and purpose of Fla. Stats § 837.021 and §
837.02. Subsequent, mr. Hernandez who is the victim of
criminal offenses committed in violation of Fl. Stats § 837.
02 and § 837.02 has been treated differently from the re-
st of millions of victims that has been afforded a due
process of law to properly adjudicate its rights noted

3. See Fla. Const. Art I § 16(b); § 21 and § 2; See also Page 33-35.

21

From centuries through the american judicial criminal System". The defendants [States Attorneys] in its official Positions and by the conflict — impediment issue blinding eyes in front of the intrinsic perjored acts and let those cause harm, **"Continuum harm"** upon a human being similar in moral condition as any other victim, a man in its presumption of innocense as the Constitution of the United States guarantee and requires at the time in which it was elicited the Perjored acts.

(b) Mr. Hernandez has been denied equal Protection of the law when the defendants in its official Position are constrained to go on "as justice requires". Here the core of the Problem, the conflict of interest — Controversy — issue.

(C) The defendants here has been discriminated the law by category. Although Fl. Stat. § 794.011 is considered partially as a capital crime, many of those cases enclosed in said chapter relying from singular allegations or testimonies as the basis to pursue the justice demanded in each particular circumstances. Other than that, is just the definition of a crimes as others of different nature under the State statute code. The Fl. Stats. § 837.021 and § 837.02 are established as well as State's crimes which it Places the same importance and responsability under the judicial criminal system. In those Perjury - case prosecution, the basis —— Proof — evidence issue is in mayority "intrinsic evidence", "irrevutable - intrinsic quality evidence"

22

which it is collected from external and unrelated proceedings to the Perjury—Prosecution Process itself. **The characteristics of the Perjury as a crime is significant** on the basis that Perjury offenses **always** born in a external cause of action, as happened here, which as such leading the defendants to omitt intentionally and divergently the reality by its loyalty to its clients[the offenders]. This actual conflict exposes additionally discrimination by interests — nature of the crime — loyalty — redundant circumstances — self interest — moral imagen and many more factors involves around this difficult topic at issue.

This article — issue and **First Element of Smith Test** presents a **novel** perspective grounded in due process and equal protection as well in equal access to the courts. Viewed in that light, mr. Hernandez had suffered from a fourteenth amendment violation under the law as it stand. The actual conflict has deprived the Plaintiff [victim mr. Hernandez] of meaningful access to the court on the basis to prosecuting the crimes committed against him in official proceedings. It suggests that conceptualizing the plight of prosecution's conflict of interest through the lens of due process and equal protection may help to identify the most effective judicial and legislative solution to this real challenge.

2. See Fla. Const. Art I Section 21 (The right to access the court. See also page 35 of this motion

FEDERAL QUESTION MOTION BY A VICTIM WITHOUT PROTECTION

U.S. Const. 14th Amendt

**BASIS**
Alleged Crime

STATE Pursue Allegations of one Individual According FL § 794.022

SEXUAL BATTERY Fl. § 794.011

CAUSE of Action

ALLEGED Victim STATE's CLIENT

STATE's witness's Testimonies and Statements offered in violation of F/§ 837.021 and § 837.02

F/§§ 837.021 and 837.02. Crime Felony

837.011 UNRELATED OFFICIAL PROCEEDING

EQUAL PROTECTION CLAUSE

STATE OF FLORIDA

STATE CONGRESS AND LEGISLATIVE INTEND

STATE ATTORNEY OFFICE

CONSTITUTIONAL DUTY

EQUAL PROTECTION OF THE LAW

CONFLICT OF INTEREST LEADING TO DENIAL OF EQUAL PROTECTION OF LAW AND DUE PROCESS

1331 FORUM AS A PROPER AND SOLE REMEDY TO FULFILL CONST. COMMITMENTS TO AN UNPROTECTED VICTIM

**BASIS**
INTRINSIC CRIME

Crime born in an unrelated Process

CAUSE OF ACTION

PERJURY Fl § 837.021 AND § 837.02

THE VICTIM IS IN A CONTINUUM HARM

STATE CONFLICT TO REPRESENT THE VICTIM

STATE REPRESENTED THE OFFENDERS IN THE UNRELATED CAUSE OF ACTION IN WHICH THE PERJURY CRIME WAS EXECUTED

THE CONFLICT IMPEDES TO AFFORDE THE VICTIM WITH DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW

FIRST CLAIM OF PROSECUTION CONFLICT OF INTEREST TO REPRESENT A VICTIM

24

As described above, from the perspective of Equal access to courts, the right to governmental assistance to victims analysis shifts from whether the criminal process entirely depend on government cause of action and to whether the Prosecutor's attorney is necessary for the individual [victim] to mount a meaningful and legal assistance to the cause itself in "the court of law and equity". Understood this way, guaranteeing meaningful access in practice demand the assistance of Prosecution' attorney as it is constitutionally required. Mr. Hernandez is a victim waiting for a legal remedy afforded by the 14th Amendt of the U.S. Const. under the Equal Protection Clause and Due process of law that guarantees the execution of Mr. Hernandez's rights vested in the Fl. Const. Art I § 16 (b) v. Mr. Hernandez victimized condition upon the multiple perjured acts in violation of Fl. Stats. § 837.021 and § 837.02 which in essence is this the "Cause of action" that has been prismalized in a capsule of inactivity created by the elements of conflict from the unique agency [Florida State Attorney's offices] able to executing the solution that the State legislative statutes demanded through the lens of Equal Protection and due proces of law as a issue — solution presented in novel question of law in this 1331 forum. This is the first claim in United States with an conflict of interest to represent a victim of statutory crimes.[5]

_____

5. See motion for appointing to Attorney for a novel and complex issue.

"The Equal Protection clause guarantees, that the government will treat similar individuals similarly." Nordinger v. Hahn, 112 S. CT. 2326 2331 (1992). Mr. Hernandez has been treated completely different. Indeed, Mr. Hernandez has been ignored and clearly discriminated by all the factors addressed in this pleading.

In United States v. Virginia, 518 U.S. 515 (1996), the Supreme Court held that the Virginia military institute's exclusion of women violated the equal protection clause. Here, the conflict as an impediment to represent Mr. Hernandez as a victim of the perjured offenses committed by the State Attorney clients in an unrelated proceedings deprived him of his substantial rights to equal protection of law to pursue (law) Justice according the State law under Mr. Hernandez's rights vested in Fl. Const. Art. I §16 (b) Mr. Hernandez has been excluded of all the rights and law that affords him to see those pay for its criminal offenses against Mr. Hernandez, said perjured offense committed against the Peace and dignity of the State of Florida as well. See Fla. Stats. §837.011;§837.021;§837.02

The defendants has denied to Mr. Hernandez the Equal Protection of law by conflict-prejudiced mental stage inhibitions leaving him and his substantial rights in the darkness. See Page 16 to 74.

26

UNITED STATES CONSTITUTION 14th
AMENDMENT
SECTION I

nor shall any State deprive any person of life,
Liberty, or property, without due process of law;
nor deny to any person within its jurisdic-
ion the equal protection of the laws.

United States Constitution
Amendment I

;Or The right of The People peaceably To
assemble, and To Petition the Government For
a redress of grievances.

27

# SECOND ELEMENT UNDER
## SMITH TEST

### INTRODUCTION

A cause of action, by contrast is a determination of whether the Plaintiff fall into a class of litigants empowered to enforce[d] a right in court. See Blessing v. Freestone, 520 U.S. 329, 340-41 (1997)(discussing the three-part test); Iisidas v. Bradshaw, 512 U.S. 107, 132-33 (1994)(same); Suter v. Artist M., 503 U.S. 347, 363 (1992)(same); Wilder v. Va. Hosp. Ass'n, 496 U.S. 498, 509-10 (1990)(same)

The Plaintiff State-cause of action is composes by "Three components": (A) The statutory crime committed against the Plaintiff (B) the crime victim's rights demanded by Mr. Hernandez under the Fla. State Constitution, the Basic Rights afforded by Fla. Const, and the right to access to the court afforded as well by Fla. Const. and (C) The defendant's duty and obligation to Assist Mr. Hernandez as a victim of Perjury offenses.



- Plaintiff is empowered to enforce his victim's rights under Fla. Const. Art I § 16 (b), § 21, and § 2.

- State government have affirmative duty to assist Mr. Hernandez as a victim. See Component (C) or Fl. Stats. Chapt. 960.

28

## SECOND ELEMENT OF SMITH TEST
## PERJURY CRIME AS A CAUSE OF ACTION

### COMPONENT (A)

Perjury arise under Judicial Proceedings unrelated to the Perjury crimes. According Fl. Stats. § 837.011

## Fla. Stats. § 837.011 Definition

(1) "**Official Proceeding**" means a proceeding heard, or which may be or is required to be heard, before any legislative, judicial, administrative or other governmental agency or official authorized to take evidence under oath, including any referee, general or special magistrate, administrative law judge, hearing officer, hearing examiner, commissioner, notary, or other person taking testimony or a deposition in connection with any such proceeding.

(2) "**Oath**" includes affirmation or any other form of attestation required or authorized by law by which a person acknowledges that he or she is bound in conscience or law to testify truthfully in an official proceeding or other official matter.

(3) "**Material matter**" means any subject, regardless of its admissibility under rules of evidence, which could affect the course of the proceeding. Whether a matter in a given factual situation is a question of law.

29

# PERJURY AS A INDEPENT CAUSE OF ACTION

Under Fla. Stats. § 837.021 and § 837.02 is established the Provisions of The crime of Perjury, any acts that met The elements necessary to prove a perjory offense is considering itself a cause of action in which the Person harmed is entitled under Fla. Const. Art. I. § 16 (b); Fla R. App. P. 9.143 to Pursue Justice and demand Prosecution upon those criminal offenses. [6]

## STATE CAUSE OF ACTION
## PERJURY AS A CRIME

Pursuant to Fla. Stat. § 837.021 (2) (3) (c)
"PERJURY BY CONTRADICTORY STATEMENTS"

(2) Whoever, in one or more official proceedings that relate To The Prosecution of a capital felony, willfully make two or more material statements under oath which contradict each other, commit a felony of the second degree....

(3)(c) IT is not necessary To Prove which, if any, of The contradictory statements is not True.

_____

6. See page viii; See also all the criminal cases relates with perjury offenses.

30

Pursuant To Fla. Stat. § 837.02 (2);(3)(2)

(2) Whoever, make a false statement, which he or she does not believe to be true, under oath in an official proceeding that relate to the prosecution of a capital felony, commit a felony of the second degree.

(3)(2) and the defendant's mistaken belief that the statement was not material is not a defense.

## ELEMENTS TO PROVE THE CRIME OF PERJURY
## IN THE STATE OF FLORIDA

[10] "The elements of the crime of perjury have been set out in Gordon v. State, 104 So. 2d 524 (Fla. 1958), as (1) the willfull (2) giving a false testimony (3) on a material point (4) in a judicial proceeding (5) by a person to whom a lawful oath has been administered." State v. Marlow, 501 So. 2d 136, 137-38 (Fla. 2d DCA 1987).

Several decision of the Florida Supreme Court address perjury see e.g., Hirsch v. State, 279 So. 2d 866 (Fla. 1973); Wolfe v. State, 271 So. 2d 132 (Fla. 1972); Rader v. State, 52 So. 2d 105 (Fla. 1951).

# FLORIDA: JURY INSTRUCTION IN PERJURY CASES

Florida Standard Jury Instructions in criminal cases,
Part Two: Instructions on Crimes, 18 Perjury, 18.1
Perjury (not in a official Proceedings)(in an official Proceedings).

Florida's standard jury instruction on Perjury is an accurate statement of law:

Before you can find the defendant guilty of Perjury [not in official proceeding][Perjury in an official proceeding], the state must prove the following five elements beyond reasonable doubt:

(1) (Defendant) took an oath or otherwise affirmed that [he][she] was obligated by conscience or by law to speak the truth in (describe proceedings, official or unofficial, in which the alleged oath was taken)

(2) The oath or affirmation was made to (person allegedly administered oath), who was a (official capacity).

(3)(Defendant), while under an oath, made the statement (read from charge).

(4) The statement was false.

(5) (Defendant) did not believe the statement was true when [he][she] made it.

32

COMPONENT (B)

# Florida Constitution Art. 1 Section 16 (b)

(b) To preserve and protect the right of crime victims to achieve justice, ensure a meaningful role throughout the criminal and juvenile justice systems for crimes victims, and ensure that crime victim's rights and interests are respected and protected by law in a manner no less vigorous than protections afforded to criminal defendants and juvenile delinquents, every victim is entitled to the following rights, beginning at the time of his or her victimization:

(1) The right to due process and to be treated with fairness and respect for the victim's dignity.

(2) The right to be free from intimidation, harassment, and abuse.

(9) The right to full and timely restitution in every case and from each convicted offender for all losses suffered, both directly and indirectly, by the victim as a result of the criminal conduct.

(10) The right to proceedings free from unreasonable delay, and to a prompt and final conclusion of the case and any related postjudgment proceedings.

(11)  The right to be informed of these rights and to be informed that victims can seek the advice of an attorney with respect to their rights. This information shall be made available to the general Public and Provided to all crime victims in the form of a card or by other means intended to effectively advice the victim of their rights under this section.

(c)  The victim, the retained attorney of the victim, a lawful representative of the victim, or the office of the State attorney upon request of the victim, may assert and seek enforcement of the rights enumerated in this section and any other right afforded to the victim by law in any trial or appellate court, or before any other authority with jurisdiction over the case, as a matter of right, the court or other authority with jurisdiction shall act promptly on such a request, affording a remedy by due course of law for the violation of any right, the reasons for any decision regarding the disposition of a victim's right shall be clearly stated on the record.

(d)  The granting of the rights enumerated in this section to victims may not be construed to deny or impair any other rights possessed by victims. The provisions of this section apply throughout criminal and juvenile justice processes, are self-executing, and do not require implementing legislation. This section may not be construed to created any cause of action for damages against the state or a political subdivision of the state or its political subdivision.

(e)  As used in this section, a "victim" is a person who suffer direct or threatened Physical, psychological, or financial harm as a result of the commission of a crime or delinquent act or against whom the crime or delinquent act is committed. The term victim in-

34

cludes the victim's lawful representative, the parent or guardian of a minor, or the next of kin of a homicide victim, except upon a showing that the interest of such individual would be in actual or potential conflict with the interests of the victim. The term "victim" does not include the accused. The term "crime" and "criminal" include delinquent acts and conduct.

## FLORIDA CONSTITUTION Art. I
### Section 2. Basic Rights

"All natural persons, female and male alike, are equal before the laws and have inalienable rights, among which are the right to enjoy and defend life and liberty,..."

## FLORIDA CONSTITUTION Art. I
### Section 21. Access to Court

"The Court shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."

FLORIDA STATUTES. TITLE XLVII.
CRIMINAL PROCEDURE AND CORRECTION
CHAPTER 960. VICTIM ASSISTANCE
COMPONENT (c)

960.291. Definitions.

(4) "Crime Victim" means the victim of a crime and includes the aggrieved party, the aggrieved party's estate if the aggrieved party is deceased, and the aggrieved party's next to kin if the aggrieved party is deceased as a result of the conduct of a convicted offender.

960.001 Guideline for fair treatment of victims and witnesses in the criminal system justice and juvenile justice systems.

(1) The department of legal affairs, the State attorney, the department of corrections, the department of juvenile justice, the Florida commission on offender review, the State courts administrator and circuit courts administrator, the department of law enforcement, and every sheriff's department, police department, or other law enforcement agency as define in s. 943.10 (4) shall develop and implement guidelines for the use of their respective agencies, which guidelines are consistent with the purpose of this act and s.16 (6), Art I of the State Constitution and to achieve the following objective:

(a) Information concerning services available to victims of adult and juvenile crime. — As provide in s. 27.0025,

36

State Attorneys and public defenders shall gather information regarding the following services in the geographic boundaries of their respective circuits and shall provide such information to each law enforcement agency with jurisdiction within such geographic boundaries. Law enforcement personnel shall ensure, through distribution of a victim's rights information card or brochure at the crime scene, during the criminal investigation, and in any other appropriate manner, that victims are given, as a matter of course at the earliest possible time, information about:

(2) Crisis intervention services, supportive or bereavement counseling, social service support referrals, and community-based victim treatment programs;

(3) The role of the victim in the criminal or juvenile process. justice process, including what the victim may expect from the system as well as what the system expect from the victim;

(4) The stages in the criminal or juvenile justice process, which are of significance to the victim and the manner in which information about such stages can be obtained.

(6) In the case of incarcerated victims, the right to be informed and to submit written statements at all crucial stages of the criminal proceedings, parole proceedings or juvenile proceedings;

7. The right of a victim to a prompt and timely disposition of the case in order to minimize the Period during which the victim must endure the responsibilities and stress involved to the extend that this right does not interfere with the Court. rights of the accused.

960.0021 LEGISLATIVE INTENT, ADVISEMENT TO VICTIMS

(1) The legislature finds that in order to ensure that crime victims can effectively understand and exercise their rights under S.16. Art I of the State Constitution, and to promote law enforcement that considers the interest of the victims, victims must be properly adviced in the courts of this state.

(2) The Court may fulfill their obligation to advice crime victims by : ...

# THIRD ELEMENT UNDER
# SMITH TEST
## INTRODUCTION

A claim constitutes its own concept. As the Passman Court held in order to have a claim, one must have a cause of action See Passman, 442 U.S. at 239 ("if a litigant is an appropriate party to invoke the power of the courts, it is said that he has a 'cause of action' under the statute, and that this cause of action is a necessary element of his 'claim'.").

The Plaintiff mrs. Hernandez is the direct victim of the Perjured offenses produced in the official Proceeding No. 50 2017CF003151-AXXX-MB, effectuated in the Fifteenth Circuit Palm beach County, Florida. See Fla. Stat. §837.011

Through the criminal complaint provided to the state Government back in 2019, is in its content twenty one sections. Seven sections pertinent to "false assertions" in key points of an unrelated official proceeding in which the witness, S.T., was exposed in the commission of acts in direct violation of the Fla. Stats. §837.02; §837.021; §837.011, here is in analysis two of those seven sections. Still remains without evaluation five more section. See Exhibit ( Criminal Accussation against S.T., and Int. by its victim)

39

THIRD ELEMENT OF SMITH TEST
2019'S CRIMINAL COMPLAINT
AGAINST MS. M.T., AND MS. S.T.
UPON OFFENSES TO Fla. STATS. §§
§ 837.011; 837.021; 837.02

STATE STATUTORY CAUSE OF ACTION

OFFICIAL PROCEEDING : 17CF003157 [§ 837.011]

Analysis of S.T. Perjury synthesis, Section 1.4;
Section 2, and Section 3.

PERJURED EVIDENCE COLLECTED AND THE
NECESSARY ELEMENTS TO PROVE THE CRI-
ME OF PERJURY

## SECTION 2 (a)

FIRST : Oath. IN OFFICIAL PROCEEDING [50-2017-CF-003157-Axxx-MB]

Whether the Perjurer took an oath is rarely an issue because
it is easely proven. See Fl. Stat. § 837.011 (2); Gordon v. State,
104 So. 2d 524 (Fla. 1958); see also Fl. Jury Introctions for Perjury.

Evidence: S.T. False assertions was offered under oath. See
Palm beach County, Circuit Court N/o. 50-2017-CF-003157-Axxx-MB.
(The Court takes judicial notice of its own Records. See Fed. R. Evid.
201; Nguyen v. United States, 556 F. 3d 1244, 1259 n.7 (11th Cir. 2009).

See also Trial court record of the same cause, S.T., direct examination. Transcript Page(s) thereafter "T.P." 306-08.

Second: Person in official capacity to administ the oath.

Evidence: S.T., direct examination, T.P., 308

Q: Do you understand that you just promised Judge Marx that you would tell the truth today?
A: Yes.
Q: Can you tell the truth today?
A: Yeah.

See, Gordon v. State, 104 So. 2d 524 (Fla, 1954); Hirsch v. State, 279 So. 2d 866 (Fla, 1973); Wolfe v. State, 271 So. 2d 132 (Fla, 1972).; See also Fl. Jury instruction for perjury

Third: [S.T.,] Defendant, while under oath, made the statement.

Evidence: S.T., False assertions during [her] Direct, cross and redirect examination in the aforesaid official proceeding. See First element of this analysis.

41

See., Jury Instruction for Perjury; Gordon v. State, 104 So. 2d
524 (Fla. 1958); Hirsch v. State, 279 So. 2d 866 (Fla. 1973).
See also Fla. Stats. §§§ 837.011; 837.021; 837.02.


Fourth: The statement was False


Evidence: S.T.'s allegations was materially used in an
official proceeding (see First element of this analysis), those S.T. Pri-
ma facie assertions aforementioned was fake and the declarant
knowingly its falsity.

Falsity is perjury most basic element. Whether the declarant
made the false statement in reply to a question or offered it vo-
luntarily is irrelevant. See e.g., United States v. McComb, 744
F. 2d 555, 565 n. 11 (7th Cir. 1984) The perjury indictment need
not ascertain the actual True. Instead, the prosecution need only as-
certain that certain statements were false. See e.g., United v.
De Coito, 764 F. 2d 690, 693 (9th Cir. 1985).

A statement of the Precise untruths, however, must be alleged with
sufficient clarity. In re Grand Jury Proceeding, 644 F. 2d 348,
355 (5th Cir. 1981). The allegedly perjurious statement, however, must
constitute a "Factual Assertion." See Kolaski v. United States,
362 F. 2d 847, 848 (5th Cir. 1966).

"Although it was cited some Federal cases as a guideline of
Rationale to afford this Court upon the matter at hand this ele-
ment and all the rest of the elements are completely supported by
Florida States law as noted in elements 1, 2, 3 of this analysis"

42

*OFFICIAL PROCEEDING No. 50-2017-003157Axxx-MB*
*See 837.011, Fla. Stat.*

## INTRINSIC EVIDENCE

T.P. 313:

Q: Do you remember how old you were approximately when that first happened?

A: Six or Eight or Seven.

T.P. 315:

Q: What do you remember happening when you where between six and eight, how would he touch you?

A: I remember him touching me in my vagina with his fingers.

Q: Was he going inside or outside?

A: Inside.

A: It was moving up and down.

A: He will stick his Tongue in.

S.T., here, unequivocally and affirmatively asserted ...
id. "I remember him touching me in my vagina with his fingers ... id. "Inside" ... id. "moving up and down" ...
(while S.T., was) ... id. "Six or eight or seven" ...

In either direction the afore — cited intrinsic record appears materially false when it is compared with the later statements

43

elicited by S.T., as noted in the "assertions" proposed by the state to support Count 3 in the unrelated official proceeding in which the perjured acts was produced [referenced to an alleged criminal act upon S.T., "at the age of thirteen in which S.T., through the direct, cross, and redirect examination [she] unequivocally asserted that she did not know that she had vagina] when S.T., asserted that at the conception of the official proceeding and during its investigative process wherein it was involved multiple agencies as well people which, S.T., initially addressed the alleged complaint with multiple statements made by its own during that period of time that enclosed a year's window in which she affirmatively asserted that she did not know about the vagina in her body [at 2017's statements in the BBPD and CPT] during that time.

Notwithstanding, the evidence that irremediable contradicting S.T.'s affirmations that [she] id. "I remember him touching... id. "my vagina"... id. inside... [while] at the age of... id. "six or eight or seven"..., is obicated in:

T.R. 323:

A: And then he put his finger inside of me.
Q: Do you know where he put his finger inside of you?
A: Yes.
Q: Where?
A: My vagina.
Q: Okay, is there a time when you thought it was your butt?
A: Yeah.

44

Q: How come?

A: Because i didn't know that it was two different things.

T.P. 380-81:

Q: And you told us how when you initially told Police and the Children Protection Team, you told them that it was your butt?

A: Well i started thinking because i didn't really know there was two different ones.

Q: When you initially reported what happened did you know that there was an additional hole that woman have?

A: At first, no.

T.P. 360-61:

Q: Originally and the State brough this up — — originally you told the Police that — — well, let's start, originally you told your mom that he put his finger in your butt hole, right?

A: Yes.

Q: And then you told the Police, the detective that it was a finger in your butt, right?

A: Yes.

45

Q: And you Told The CPT interviewer that it was a finger in your butt, Right?

A: Yes.

Q: So your Testimony is That it was not a finger in your butt?

A: Yes.

Q: IT was a finger in your vagina?

A: Yes.

The State Attorney [improperly] supported This [false assertions] Theory in closing arguments in which stated:

T.P. G54:

Id. - "And before that Point in Time, I did not know that fingers can go inside your body in any other part excepts for your butt because I hadn't Taken the health Class, I don't understand"

The S.T., afore-illustrated intrinsic evidence well demostrates that S.T., affirmatively asserted that she did not know about The existence of her vagina during the interview at The police Station the day S.T., call the 911 in 2017 and four days later in C.P.I in which through multiples statement S.T., only knew about her butt according those aforecited unequivocal assertions.

46

FIFTH: [S.T.] Defendant did not believe the statement was true when she made it.

According the official Proceeding
50-2017-CF-003157-
T.P. 306-387

Evidence:

TIME WINDOW
2009 TO 2011
S.T., AGE SIX TO EIGHT
S.T., ASSERTED TWO acts of
VAGINAL PENETRATIONS
S.T., IDENTIFIED THE VAGI-
NAL ORGAM AT THIS TIME

TIME WINDOW
2015-2016
S.T., AGE Twelve
S.T., Took the Sex
EDUCATION class
and Health class

TIME WINDOW
2017
S.T., AGE THIRTEEN
S.T., Asserted acts
of vaginal Pene-
trations

TIME WINDOW
2017 TO 2018
S.T., AGE THIRTEEN
S.T., Asserted she only have
butt in her body. S.T., did
not know yet about the
vagina

TIME WINDOW
2018
S.T., AGE FOURTEEN
S.T., Asserted that she
discovered her vagina
recently, before trial

47

most clear not even the air, the contradictions is in every space of S.T. assertions, one of the factors that established the falsity in those assertions offered by the declarant [S.T.] is grasped in the aforecited official proceeding in mode of intrinsic quality in other words irrefutable as a recorded evidence, as noted in:

T.P 360-61:

Q: You learned about the different part of the body in health class?

A: Yes.

Q: like it was a sex ed health and development class. Right?

A: Yes.

Q: Yeah?

A: Yes.

T.P. 381:

Q: And you learn about a woman's physical body in the class?

A: Yes.

Fla. Stat. 8 837.021 (3)(C) 'Provision establish id. IT is not necessary to prove which, if any, of the contradictory statements is not true.

48

Notwithstanding, at the same time the aforementioned intrinsic evidences that support [Count 3] the cause of action in the [unrelated] Official Proceeding in which the Perjured offenses was committed in violation of Fla. Stats. §§§ 837.021, 837.02, 837.011, come into irreconcilable contradiction with the Probable Cause Affidavit instrument used to initiate said official proceeding. See:

See Official Proceeding Case 50-2017-CF-3157
                              Appeal record 4D18-3533

Record Page 41-42:

BOYNTON BEACH POLICE DEP'T AND CPT

(1)... id. Arvan Penetrate her vagina numerous time, Arvan also put his tongue inside her vagina on few occassions., CPT.

(2)...id. Arvan Penetrated her vagina on regular basis., BBPD.

Under Federal law, the test is whether the question, as the declarant objectively understood it, is falsely answered. See United States v. Lighte, 782 F. 2d 367, 372 (2d Cir. 1986)

First, S.T., initially and unequivocally asserted that at the age of six years an individual [Arvan] Penetrated her vagina with his fingers, T.P. 313, 315. Additionally, S.T., unequivocally asserted that at the age of 6-8 years the same individual [Arvan] Penetrated her vagina with his tongue. In order to make those assertions the declarant [S.T.] should have remembered the acts upon the vigina at the specific moment in which the alleged acts was

49

executed, which it means that S.T, at the age of six and Eight she [should] knew about her vagina.

Now according the intrinsic record S.T, was caught in lies later on when deliverately asserted multiple times during direct, cross, and redirect examination that she [S.T.] did not know that she had vagina, at the age of Thirteen in order to justify a false assertion made by her to multiple People the 2017 Period in which said false assertion initially establish the alleged act of Anal Penetration upon her body [False Allegations]



(a) In any direction the evidence is false—if S.T, affirmatively asserted that she did not know she had vagina in Point 3 ( march 26 and march 30, 2017), According S.T, Testimony in Point 4 ( november 15, 2018) Then Point 1, Point 2 is completely false.

(b) If S.T. Affirmatively asserted that she knew about her vagina at her six and eight years of age as noted in Point 1 Then S.T, Testimony at Trial (Point 4) in which affirmatively asserted that she did not know

50

about her vagina during her statements made to BBPD and CPT back in 2017 (Point.3) it should be false because she knowingly her vagina at the earlier age of six and eight (POINT 1).

(C) If S.T. discovered her vagina at the sex ed and development class (health class) during the time window 2015-2016 (POINT 2) then her affirmations about her knowledge of the vaginal penetration act should be false because those alleged acts is placed at least four or five years before she (S.T.) knew about her vagina according S.T. 'Assertions at November 15, 2018 (POINT 4).

As the state Attorney expressed :      OFFICIAL PROCEEDING
                                          According Fl. Stats.§ 837.011(1)

     T.P. 654 :
          id. "And before that point in time, i did not know that fingers can go inside your body in any other part excepts for your butt because i hadn't taken the health class. I don't understand"

Florida cases acknowledges that materiality is an element of the crime of perjury and Fla. Stat § 837, 02 (1) expressly provides that "whoever" make a false statement, which she does not believes that to be true, under oath in an official proceeding in regard to any material matter, shall be guilty of a Felony. State v. Ellis, 722 So. 2d 824, 1997 Fla. App. LEXIS 5612 (Fla. 1st DCA 1997), rev'd, 723 So. 2d 187, 1998 Fla. LEXIS 1914 (Fla. 1998).

The question of materiality in a Perjury Prosecution under Fla. Stat. § 837.011 (3) is a matter of law for the court and does not violated a defendant's right to a Trial by Jury under Fla. Const. Art. 1, § 16 (a). Kline v. State, 444 So. 2d 1102 1984 Fla. App. LEXIS 11496 (Fla. 1st DCA 1984).

# SECTION 2 (b)

Each false statement a declarant makes constitutes a separate Perjury incident. That separate lies before a Tribunal are punishable is a well established rule, See United States v. McComb, 744 F. 2d 555, 565 (7th Cir. 1984), United States v. De la Torre, 634 F. 2d 792, 794 (5th Cir. 1981) (allowing defendant charged with five separate perjury counts based on separate statements given at one Trial); United States v. Doulin, 538 F. 2d 466, 471 (2d Cir) (deciding the separate lies before grand jury are punishable when each critical Perjury is derected to separate Facet of overall Transaction), cert. denied, 429 U.S. 845 (1976), United States v. Masters, 484 F. 2d 1251, 1253 (10th Cir. 1973) (explaining that indictment properly charged six perjury counts where each was based on response to question regarding separate fact) 77. 409 U.S. 352 (1973).

The allegedly Perjurious statement, however, must constitute a "Factual assertion". See Kolaski v. United States, 362 F. 2d 847, 848 (5th Cir. 1966).

See, Gordon v. State, 104 So. 2d 524 (Fla. 1958).

First: Oath, in official proceeding. See Fl. §837.011

Evidence: - Official proceeding Case No. 502017CF003157.
- Oath T.P., 306-08.

Second: Person in official capacity to administ
the Oath.

Evidence: S.T., direct examination, T.P., 308

Third: [S.T.,] Declarant, while under oath, made the
statement.

Evidence: S.T., False assertions during [her] cross-
examination that contradicting the assertions made
by S.T., before, during direct examination about a
material point in question in the official proceeding
not related with the Perjured offenses.

T.P. 360-61:
Q: And the finger that he put his hole (sic) in the last time is a
different hole than he had previously put his finger and —
A: yes.
Q: his mouth on, correct?
A: yes.                      53

Fourth: The Statement was False.

Evidence:

Time window
2009-2011
The First Two alleged
incidents
S.T., Assertions
S.T., Asserted Two (2)
Acts of Vaginal Penetration
as the First Two incidents
allegedly by her. P.T.: 313-15

↓ ↑ ↓

Before March 2017
Time window
S.T., Assertions
S.T., last alleged
incident of Vaginal
Penetration [by mouth]

↓ ↑ ↓

Fully contradict
The Prior Assertions  ←——
about The Penetrated
Acts upon The Vagina
Now in a different Hole?

According S.T., Perjured Assertions
Official Proceeding
50 2017 CF 3157

↓

March 2017
Time window
According S.T., Assertions
The last alleged incident
S.T., Asserted one Act
of Vaginal Penetration
(Digital Penetration)

↓

T.P. 360-61:

Q: And The Finger That he Put his hole (sic)
in The last Time is a different hole Than he had
previosly put his Finger and ———
A: Yes.
Q: his mouth on, correct?
A: Yes.

54

FIFTH: [S.T.] Defendant did not believe the statement was true when she made it.

Evidence:                    Unrelated Official Proceeding
                             Case No. 502017CF3157
                             As dicta Fl. Stats 837.04(1)

S.T. asserted an act committed against her as described by her, T.P. 323 id. And then he put his finger inside of me... id. my vagina... T.P. 360-61 [interviewer id. Q: it was a finger in your vagina?] S.T. Asserted id. yes.

S.T. Assertions further stated T.P. 360-61 [interviewer id Q: And the finger that he put his hole (sic) in the last time is a different hole than he had previously put his finger and — ] S.T. id. yes [interviewer id Q: his mouth on, correct?] S.T. id. yes.

S.T. knew that in any direction the aforecited intrinsic evidence was false by different reasons:

(a) If as noted here, S.T. affirmatively asserted that the last alleged act was upon her vagina and the vagina was a different hole than the other prior penetrated acts as noted in those alleged incidents in S.T. Allegation in between the time window 2009-2011 and the other alleged incident involved and act of penetration during the time window before march 2017. Then S.T. prior affirmations that establish the vagina as the organ (hole) penetrated in the others incidents alleged by S.T. it should be false.

55

Then, S.T. knew that the last assertion contradicted the entire affirmations she made about that the first three alleged acts was an acts of vaginal penetration, as such, S.T. knew that it was false her assertions.

(b) If S.T. affirmatively and unequivocally asserted that the first two incidents as reflected in Count 1 and 2 was at S.T.'s age of; id. T.P. 313 ..."six or eight or seven." And T.P. 315 id. ..."I remember him touching me in my vagina with his fingers"... id. "...inside." [hole].. id "he will stick his tongue in" [hole]. And to support Count 5 few minutes later S.T. stated the following factual assertions alone as a mode of prima facie... T.P. 360-61 "interviewer id [Q: And the finger that he put his hole (sic) in the last time is a different hole than he had previously put his finger and --] S.T. id. "yes" [interviewer id. Q: his mouth on, correct?] S.T. id. "yes".

Then, S.T. knew that the first three assertions she made to support Count 1, Count 2 and Count 5 in which S.T. initially stated that it was acts of vaginal penetration, now after noted the above intrinsic affirmations is easy to conclude that S.T.'s denial of those three separate acts of vaginal penetration as said by S.T. ultimately that it was not in the vagina hole exposed her blatant perjured intention to deceive the official proceeding creating as such direct offenses to Fl. Stats. § 837.021 and § 837.02

See Perjury cases in Florida, Soller v. State, 666 So. 2d (Fla. 5th DCA 1996); State v. Barboto 571 So. 2d 484 (Fla. 2d DCA 1990); Field v. State, 94 Fla 490; 114 So. 317 (Fla. 1927), State v. Marlow, 501 So. 2d 136 (Fla. 2d DCA 1987).

# THE MATERIALITY REQUIREMENT

**A.** OFFICIAL PROCEEDING   502017CF003157
Fla. Stat. § 837.01(1)

**B.** "Material matter" means any subject, regardless of its admissibility under rules of evidence, which could affect the course of the Proceeding. Whether a matter in a given factual situation is a question of law. See Fl. Stat. §837.01(3).

Both State statutes, Fla. Stats. §§ 837.021 and 837.02 require that false statement be material for a conviction. At bar the false factual assertions is the sole [evidence] assertions offered to sustain the state's burden of proof in the official Proceeding No. 502017CF003157AXXX-MB. As such is the essence of the aforecited official Proceeding.

57

# SECTION 3

**FIRST :** Oath in official Proceeding.

Evidence : S.T., False assertions was elicited under oath. See Palm beach County, circuit court No. 50-2017-CF-003157-Axxx-MB., S.T., Deposition in said cause. See also Trial court record, S.T., Direct examination, "T.P.," 319.

**SECOND :** Person in official capacity to administ the oath.

Evidence : S.T., direct examination, T.P., 308.
November 15, 2018.

S.T., Deposition, T.P. 80

58

THIRD: [S.T.,] Defendant, while under oath, made the statement.

Evidence: S.T., false assertions during [her] direct examination contradicted S.T., Assertions made before in her deposition regarding to an alleged incident that figure as a count itself in the unrelated official proceeding in which the perjury crime was committed. 50-2017-CF-003157-Axxx-MB.

FOURTH: The statement was false.

S.T. 's allegations was materially used in the aforecited official proceeding in which, S.T., unequivocally asserted points previously denied which such affirmative assertions was used alone to support entirely the unrelated cause in which the crime of perjury was consumated.

Under Fla. Stat. § 837.021, the falsity of the statement is ordinarily an essential element of perjury. The statements allegedly made by S.T. [declarant] as set forth through this analysis are of irreconcilable conflicting nature as noted below.

59

Evidence :          November 15, 2018

INTRINSIC   EVIDENCE
S.T. direct examination
Official Proceeding No.
50-2017-CF-003157-AXXX-MB

T.P,319:

Q: Now do you remember what apartment it was that he put his mouth on your vagina?

A: Yes.

Q: Was it in more than one apartment?

A: Yes.

Q: What is the other apartment that it happened at?

A: It was a house.

Q: Okay, is that the last place that you lived.

A: Yes.

In this unrelated proceedings the State Attorneys prosecuted two specific charges under Fla. Stat. § 794.011 (h), (2)(a), (8)(b) in which the essential elements to prove was and two acts of vaginal penetration with the defendant mouth, one alleged act before S.T., twelve years of age T.P., 313,315 and the other

60

alleged act after S.T., Twelve years of age T.P. 319
The evidence aforecited (T.P. 319) was the only Prima Facie
evidence from the State attorney to support its burden in
Count 5 of the aforecited unrelated cause of action or Off-
icial Proceeding cited above.

T.P: 319

APARTMENT

S.T., UNEQUIVOCAL
ASSERTION ALLEGING
Two incidents between
S.T., SIX and EIGHT years
OF AGE IN WHICH ONE
WAS ACCORDING S.T's
ASSERTIONS: ACT OF
VAGINAL PENETRATION
BY THE INDIVIDUAL MOUTH

Q: Okay. So you said there was an
apartment that's in Front of the Boynton
Beach library — —
A: Yes.
Q: The one with the one bedroom?
A: Yes.
Q: Did it happen there?
A: Yes.

T.P: 319

HOUSE
LAST ADDRESS.

S.T., UNEQUIVOCAL
ASSERTION ALLEGING
Two INCIDENTS ONE
OF THEM WAS According-
ING S.T.'s Assertions
AN ACT OF VAGINAL
PENETRATION BY THE
INDIVIDUAL MOUTH

Q: What is the other apartment that
it happened at?
A: It was a House
Q: When did you live in the house?
A: In sixth Grade.
Q: Okay. Is that the last place
that you lived — —
A: Yes.

61



As noted in the above graphic, it was "Two Places" [in which S.T., allegedly asserted acts against her in violation of Fl. Stats. § 794.011 (2)(a) and (8)(b)]. The last residence that S.T., lived was the House for a period of "two months."

In the [last] House according S.T., it happened two incidents separately, see Count 3 and Count 5 of the official Proceeding 50-2017-CF-003157-Axxx-AMB, as pertinent under Fla. § 837.011 (1) ("official Proceeding").

The S.T.'s Assertions she made on November 15, 2018 totally contradicted S.T.'s Assertions she made in her Deposition in June, 2018

62

S.T., DEPOSITION. JUNE, 2018
OFFICIAL PROCEEDING No.
50-2017-CF-003157-Axxx-MB

T.P., 80:

Q: Okay, and -- okay. So at some point did it
Torn bad again?

A: Yeah, it was like — it was the last time that when
we left.

Q: Were there any other times at the new house that
he touched you inappropriately?

S: No.

Q: Okay. Just the one time?

A: Yes.


As noted intrinsically above, S.T., unequivocally asserted
that it was "just one time" it was referred to the alleged
incident examined in section 2 that supported Count 3 in the
unrelated official proceeding. One alleged incident of Digital
— vaginal penetration.

Five months later from June, 2018, S.T., Fabricated ano-
ther complete incident, at this time by different act (mouth)

63

JUNE 2018

S.T. Affirmatively asserted under oath That it was only one act of digital-vaginal penetration during (S.T.) She living in the house For approximately two months

FIVE MONTHS LATER

NOVEMBER 15, 2018

S.T. Affirmatively asserted a complete additional and new incident not in existence during her depo, or Police interview, or CPT interview And in irreconcilable position with S.T. Assertions in June Deposition in which S.T. clearly stated That it was "Just one time."

See Florida Jury instruction in perjury cases, Florida Standard Jury instructions in criminal cases, Part Two : INSTRUCTIONS ON CRIMES, 18 Perjury, 18.1 Perjury (NOT IN AN OFFICIAL PROCEEDING) (IN AN OFFICIAL PROCEEDING) ELEMENT 4 , See also Gordon v. State, 104 So. 2d 524 (Fla. 1958); Hirst v. State, 279 So. 2d 866 (Fla. 1973), Wolfe v. State, 271 So. 2d 132 (Fla. 1972), Rader v. State, 52 So. 2d 105 (Fla. 1951), Kline v. State. 444 So. 2d 1102 (Fla. 1st DCA), 451 So. 2d 849 (Fla. 1984); Wells v. State 270 So. 2d 399 (Fla. 3rd DCA 1972), Shelton v. State, 157 Fla. 482, 26 So. 2d 444 (1946).

In Brown v. State, the defendant made a sworn statement that he was with an individual on a certain date, and subsequently, at trial, denied under oath that he was with the individual; defendant conviction of Perjury for an inconsistent statement under Fla. Stat. §837.021 was proper. To convict an accused of Perjury by inconsistent statements, the Prosecution must prove that the inconsistent statements were (1) material, (2) mutually exclusive and (3) made under oath. Brown v. State, 334 So. 2d 597, 1976 Fla. LEXIS 4247 (Fla. 1976).

In a criminal Trial For Perjury under Fla. Stat. §837.02, The State had the burden of Presenting Prima Facie Proof of an official proceeding; Proof of this element, as with other essential elements of the offense, should be submitted to the jury under appropriate instructions defining "official proceeding". Nessmith v. State, 472 So. 2d 1248, 1985 Fla. App. LEXIS 15063 (Fla. 1st DCA 1985).

65

FIFTH: [S.T.] Defendant did not believe the statement was true when she made it.

Evidence:

Unrelated official proceeding
Case No. 502017CF3157
As dicta, Fl. Stat. §837.011(4)

S.T. asserted two acts of vaginal penetration by the tongue and the mouth of the accused [Aron], S.T. allegidly asserted that the first of this two specific acts was at her id. six or eight or seven (T.P. 313) of age. id. He will stick his tongue in (T.P. 317) then id. interviewer Q: what is the other apartment that it happened at? (T.P. 319) id. it was a house (T.P. 319) id. interviewer Q: Okay, is that the last place that you lived (T.P. 319) id. Yes (T.P. 319).

Five month early the allegations was completely different. According her unequivocally assertions offered to the attorneys in S.T. deposition by S.T. itself was there that at the last residence that S.T. lived occurred only one incident of digital-vaginal penetration as noted in the intrinsic content of the deposition T.P. 80.... interviewer Q: Were there any other times at the new house that he touched you inappropriately? id. No, interviewer Q: Okay, just the one time? id. Yes.

S.T. knew that in any direction the aforecited intrinsic assertions was false by different reasons.



MARCH, 26, 2017 - S.T., ASSERTED "ONE INCIDENT" IN THE (NEW/LAST) HOUSE (ANAL PENETRATION)

June, 2018  S.T., ASSERTED "ONE INCIDENT" IN THE (NEW/LAST) HOUSE ANAL PENETRATION or Vaginal PENETRATION BY A DIGITAL ACT.

NOVEMBER, 2018  S.T., UNEQUIVOCALLY "FABRICATED A NEW INCIDENT" OF VAGINAL PENETRATION BY THE INDIVIDUAL' MOUTH.

(a) IF as noted in S.T., Deposition that S.T., unequivocally asserted only "one act of digital penetration" during the time S.T., lived in the house than the S.T.'s Assertions on november 15, 2018 should be completed false as the fabrication of a new incident of Life punishment magnitud.

(b) if as noted in S.T., direct examination, T.P. 319 (official proceeding 502017CF003157AXXX-MB) S.T., unequivocally asserted two separate acts for first time in said process, then, S.T., Assertions in her Deposition are completely false.

67

Fl. Stats. § 837.02 and § 837.021 are themself a State cause of action, both are well reflected through the Florida Perjury cases. The § 837.021 (2) 'provision states id. Whoever, in one or more official proceedings that relate to the prosecution of a Capital Felony, willfully make two or more material statements under oath which contradict each other, committ a Felony of the second degree, Punishable as Provide in S. 775.082, S. 775.083, or S. 775.084.[7]

S.T., Contradictory Factual assertions aforecited in this analysis referenced to the Criminal complaint "Section 3" "St., Perjury Sinthesis" submitted by Plaintiff on 2019 are the Sole evidence used in the unrelated official Proceeding 502017CF003157 [To support the State burden in Count 5] as an element and part of definition of the State § 837.011 (1) of the State of Florida.

Florida cases acknowledges that materiality is an element of the crime of perjury and Fla. Stat § 837.02 (1) expressly provides that "whoever" make a false statement, which she does not believe to be true, under oath in an official Proceeding in regard to any material matter, shall be guilty of a Felony. State v. Ellis, 722 So. 2d 824, 1997 Fla. App. LEXIS 5612 Fla. (1st DCA 1997), rev'd, 723 So. 2d 187, 1998 Fla. LEXIS 1914 (Fla. 1998).

---

7. See Table of Authorities page viii.



2019 CRIMINAL
COMPLAINT AGAINST
S.T. AND M.T., WITH
21 SECTIONS OF
perjury acts.

To Mr. Hernandez

S.T., Perjured Assertions.

M.T., Perjured Assertions.

NUCLEOUS OF THE OFFICIAL PROCEEDING No. 50-2017-CF-003157Axxx-MB.

- S.T., Synthesis, Section 2, and Section 3. See Page(s) 40-68; Exhibit.
  ANAlysis of Section 2 and Section 3

69

# REMEDY UNDER SMITH TEST

Finally, under the contemporary view, the notion of claim is analytically distinct from, and prior to, the question of what "relief" may be afforded. See Passman, 442 U.S. at 239. Traditionally, the correlation of rights with remedies empowered Federal courts to employ all available remedies to vindicate the violation of a Federal right. See Guardians Ass'n v. Civil Serv. Comm'n, 463 U.S. 582, 595 (1983) ("[w]here legal rights have been invaded and a cause of action is available, a Federal court may use any available remedy to afford full relief.") More recently, the Court has been reserved in its statements about the presumption that all wrongs always have available remedy; the Court has even allowed for the possibility that a right couple with a cause of action might sometime provide no relief. City of Sherrill v. Oneida Indian Nation, 544 U.S. 197, 213 (2005) (" The distinction between a claim or substantive right and a remedy is fundamental.")

Hernandez takes on a different cast. Although the State has an interest in prosecute perjury crimes, the real interest at stake is the interest of the perjury crime victims. Thus, Hernandez involves both equal protection and substantive due process interest, as hernandez can be read as a case in which the equal protection interest of victims of perjury crime is read intersectionally with the due process interest in obtaining the prosecution, while plaintiff approach the question of whether the state has individiously denied one (class of) plaintiff a substantial benefit available to another class of plaintiffs under the equal protection clause. After turning to the facts and rights — cause of action which are both worthy of elaboration, it is useful to highlight what this analysis entails.

This type of analysis, relying on two separate constitutional provision, is what Kerry Abrams and Hernandez have called an intersectional analysis. The Supreme Court has set out several types of cumulative constitutional analysis, including aggregate harm approaches, in which multiple discrete acts add up to a harm of sufficient magnitude to receive constitutional relief, and hybrid rights, in which the Court suggest that the presence of more than one partial violation can result in relief. A third category of cumulative constitutional rights, intersectional rights," Occurs when the action... violates

more than one constitutional provision [but only result in relief] when the Constitutional Provisions are read to inform and bolster one another. The bolstering relationship between Equal Protection and Procedural Due Process is particularly well explained in Hernandez for access to justice.

In a wonderful passage, the Bearden Court explained:

Whether analyzed in term or Equal Protection or Due Process, the issue cannot be resolved by resort to ease slogans or pigeonhole analysis, but rather requires a careful inquiry into "the government's ends and means, and the affected individual interest id. at 666-67.

Bearden v. Georgia, 461 U.S. 660, 661 (1983).

In Ross v. Moffitt 417 U.S. 600, 608-09 (1974), the Court noted that:

Neither Clause by itself provides an entirely satisfactory basis for the result reached, each depending on a different inquiry which emphasized different factors. "Due Process" emphasizes fairness between the state and the individual dealing with the state, regardless of how other individuals in the same situation may be treated. "Equal Protection", on the other hand,

72

emphasizes disparity in treatment by a State between classes of individuals whose situations are arguably in-distinguishable. id. at 609.

The access - to - court and access - to - justice claims here demands the proper remedy. One goal at hand is to highlight the importance of this projection to mainstream constitutional theory. To this complex m-atter further, the equal process connection is not, by any means, the only useful problem available to challenge obstacles to justice or governmental inaction that increase inequality upon this victim, Hernandez. Other con-stitutional rights in existence at bar that challenging the lack of access to justice.

Far too often it is the Plaintiff at bar who are dispro-portionately discriminated and deprived of the means of justice and access to the court. That is exactly the ty-pe of government action that Section I of the Fourteenth Amendment can remedy. This Equal Process - Due Process claim are likely to any group of victim suffer from criminal offenses who litigate access-to-justice-re-lated claims. A Robust Fourteenth Amendment prote-ction for class— based distinctions is supported by existing case law. One of the goals of this pleading is to caution the court to examine the connection bet-ween this Equal Protection and Due Process claim care-fully.

73

In Craig v. Boren, 429 U.S. 190, 211-212 (1976), Justice Stevens argued that "[T]here is only one Equal protection Clause, it requires every State to govern impartiality." It does not direct the courts to apply one standard of review in some cases and a different standard in other cases.

Mr. Hernandez demand the restoration of his rights to the Equal protection of the law and due process of the law under the Fourteenth Amendment of United State Constitution through the prosecution of those who are offenders of the Fla. Stats. §§§ 837.011, 837.021, 837.02 through its perjured acts against the most important purpose of the courts in United States, "the Truth Seeking Process." In order to vindicate Mr. Hernandez' rights vested in the Florida Const. Art I § 16 (b) (victim's rights) - Fla. Const. Art I § 2 (Basic Rights); Fla. Const. Art I § 21 (Access to Court) under the scope of the Equal protection clause and Due process of law of the Fourteenth Amendment of U.S. Const.

74

# RELIEF SOUGHT

Plaintiff Mr. Hernandez respectfully request This Honorable Court To grant the proper remedy as the law and the Justice Demands.

Mr. Hernandez as a crime victim, has been Place on him a disparate Burden, wide different than the rest, in a normal world, normal people just need call an emergency Assistance, Equality is a word absent in This circumstances with dispair the Presumption of Justice. IF law have porpose, Then, Mr. Hernandez should have seen a Process Through the expected Cause of Action for Those offenses committed against him and against of the State of Florida.

Is just one Thing requested here. The vindica-tion of all the Substantial Rights afforded by U.S. Const. Amendt 1 and 14th as well The rights vested in Fl. Const. Art I §16 (b); §2, §21.; in simple words, The pro-secution of M.T. and S.T. For the offenses against Fla. Stats. §837.021, §837.02; §837.011. And against him as well.

Respectfully Submitted.

75

# CERTIFICATE OF SERVICE

Plaintiff, Arean Aleman Hernandez Hereby Certify That a True and correct copy of The foregoing document has been sended via U.S. Pre-Paid mail To The party reflected in the front page Caption of this pleading identified as follows:

Dave Aronberg   State Attorney West
Palm Beach County

401 N. Dixie Hwy., West Palm Beach, Fl 33401

On This 28 day of June, 2022

/S/

Arean A. Hernandez

76

# OATH

Arvan A. Hernandez, under penalty of perjory, states the following:

1. I am the Plaintiff to whom the foregoing 1331's motion relates.

2. I affirm the truth of the factual contents of this pleading.

Dated June 28, 2022

/s/

Arvan Herman Hernandez
Everglade C.I.   De C80313
1599 Sw 187th Avenue
Miami, Florida 33194

77

Arvan Aleman Hernandez
E.C.I   DC#  C90343
1599 SW 187th Avenue
Miami Florida 33194-2801

United States Dist
Southern District
701 Clematis St
West Palm Beach, Fl

RECEIVED
EVERGLADES C.I.

JUN 2 8 2022

INITIALS